# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| STEVEN LAMONT ROBBINS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 1:15-cv-00130-TWP-DML |
| CHRISTINA MANNINA, Detective, | ) ) ) |
| Defendant. | ) |

**Entry Dismissing Complaint and Directing Plaintiff to Show Cause**

Plaintiff, Steven Lamont Robbins ("Mr. Robbins") filed this civil rights action pursuant to 42 U.S.C. § 1983. His Complaint is now before the Court for screening required by 28 U.S.C. § 1915A(b).

## I. Background

Mr. Robbins is incarcerated at the Correctional Industrial Facility, and Indiana prison. In his Complaint, Mr. Robbins has named a single defendant, Detective Christina Mannina of the Indianapolis Metropolitan Police Department ("IMPD"). Mr. Robbins alleges that Det. Mannina violated his Fourteenth Amendment due process rights and he seeks compensatory damages and that Det. Mannina be punished by the IMPD.

Mr. Robbins has paid the initial partial filing fee and the Complaint is now subject to the screening required by 28 U.S.C. § 1915A(b). This statute directs that the Court dismiss a complaint or any claim within a complaint that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from

such relief." *Id.* "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock,* 549 U.S. 199, 215 (2007).

## II. Screening

### A.

To satisfy the notice-pleading standard of Rule 8(a)(2) of the *Federal Rules of Civil Procedure*, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Such a statement must provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). *Pro se* complaints such as that filed by Mr. Robbins are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

### B.

For the reasons set forth in this Entry, the complaint must be dismissed for failure to state a claim upon which relief can be granted.

Mr. Robbins' claim is, in essence, a challenge to his underlying criminal conviction. As such, his claim must be **dismissed as barred** by the principles set forth in *Heck v. Humphrey,* 512 U.S. 477 (1994). In *Heck,* the U.S. Supreme court held that prisoner's § 1983 claims are not cognizable when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed  unless the plaintiff can

demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. If the Court were to conclude that Mr. Robbins' constitutional rights were violated during the criminal proceedings, such a judgment would imply the invalidity of his conviction. Therefore, under *Heck,* Mr. Robbins' claim against Det. Mannina is barred.

### III. Further Proceedings

For the reasons discussed above, the complaint is **dismissed for failure to state a claim upon which relief can be granted** pursuant to 28 U.S.C. § 1915A. Mr. Robbins shall have **through April 13, 2015,** in which to **show cause** why this action should not be dismissed for failure to state a claim upon which relief can be granted. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) (plaintiffs should be given at least an opportunity to amend or to respond to an order to show cause before a case is "tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

If Mr. Robbins fails to show cause or seek leave to amend, the action will be dismissed for the reasons set forth in this Entry.

**IT IS SO ORDERED.**

Date: 3/11/2015

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

STEVEN LAMONT ROBBINS, 145839, CORRECTIONAL INDUSTRIAL FACILITY, Inmate Mail/Parcels, 5124 West Reformatory Road, PENDLETON, IN 46064